## IN RE: ESTATE OF JEAN BLOCKER PROCTOR, Deceased

### Case No. 85-1616-CP

Fifteenth Judicial Circuit, Palm Beach County

July 14, 1987

**APPEARANCES OF COUNSEL**

**William D. McEachern, Finley, Kimble, Wagner, et al.,** for the personal representatives.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER APPROVING ACCOUNTING AND APPROVING ATTORNEY'S FEES*

By Order dated May 29, 1987, the court set a hearing for Thursday, June 18, 1987, at 3 P.M. to review the Attorney's fees and costs in the amount of $116,824.12, such amount being listed on the First and

Partial Account of the Personal Representatives for the period May 1, 1985 through February 19, 1987.

The court finding that all interested persons having been served proper notice of the hearing, and that the material facts as alleged by Francis B. Brogan, Jr., as attorney for the estate, relating to the administration of the estate as set forth in an Affidavit of Facts in Support of Attorney's Fees are true; and finding that the testimony of Attorney Peter Matwiczyk as expert witness regarding the fees is true; and the testimony set forth in the deposition of Attorney James G. Pressly, Jr. as expert witness is true; and the court having reviewed in depth Florida Statutes Section 733.617 (1986) which sets forth seven criteria for the determination of reasonable compensation of an attorney, and the court finding that the so-called "lodestar" approach as espoused in *Florida Patient's Compensation Fund vs. Rowe*, 472 So.2d 1145 (Fla. 1985), is not applicable to this situation because there is a specific statute, Florida Statutes Section 733.617 (1986), setting forth the criteria for determining reasonable compensation of an attorney; and the Court adopting the position of the Fourth District Court of Appeal in *Division of Administration, et. al. v. Ruslan, Inc.*, 497 So.2d 1348 (Fla. 4th DCA 1986), which case held that the *Rowe* doctrine was not applicable in an eminent domain case because the award of attorney's fees was governed by a statute which contains specific guidelines for the determination of an appropriate fee; and the court finding that, even if the *Rowe* approach was applicable in this situation, the fee set forth in the accounting is reasonable and the fee agreement between the Personal Representatives and the attorney is reasonable; it is

ADJUDGED that First and Partial Account of the Personal Representatives of the estate for the period May 1, 1985 through February 19, 1987 is approved and that the attorney's fees and costs in the amount of $116,824.12 is approved and payment thereof, to the extent not previously made, is herewith Ordered.

ORDERED this 14th day of July, 1987.